690 So.2d 1347 (1997)
F.A.T., a child, Appellant,
v.
STATE of Florida.
R.A.G., E.S., and M.E.C.,
v.
STATE of Florida, Appellee.
Nos. 96-742, 96-743.
District Court of Appeal of Florida, First District.
March 25, 1997.
Nancy A. Daniels, Public Defender; Glen P. Gifford, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Jean-Jacques A. Darius, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
In these consolidated appeals, appellants seek review of the denial of their motions to dismiss orders to show cause why they should not be held in criminal contempt of *1348 court for failure to comply with a provision of their community control. We reverse and remand as set forth below.
All four appellants were adjudicated guilty of committing delinquent acts and were placed on community control. Sometime thereafter, affidavits were filed alleging violations of the condition of community control requiring regular school attendance with no unexcused absences. The lower court issued orders to show cause why appellants should not be held in contempt of court for failure to comply with this condition of community control. Each appellant filed a motion to dismiss on the basis that the show cause orders were predicated upon affidavits containing confidential and inadmissible computer-generated school attendance records impermissibly obtained and used by the state attorney's office in violation of section 228.093, Florida Statutes, and in violation of the right to privacy.
At a hearing on the motions to dismiss, the parties stipulated that the attendance records had been released to the state attorney pursuant to an interagency agreement between the Duval County School Board and the Office of the State Attorney's Truancy Arbitration Program. The state also stipulated that neither the children nor their parents had given consent to release the attendance information, nor was there any court order or subpoena directing release of the information. After hearing testimony and argument from counsel, the court denied the motions to dismiss. Thereafter, R.A.G., E.S. and M.E.C. entered pleas of no contest to indirect criminal contempt, reserving the right to appeal the denial of the motion to dismiss. Each appellant was adjudicated guilty of indirect criminal contempt and was sentenced to two days in the Duval Detention Center, with credit for two days already spent in detention.
Section 228.093, Florida Statutes (1995), entitled "Pupil and student records and reports; rights of parents, guardians, pupils, and students; notification; penalty" provides in pertinent part:
(1) PURPOSE.The purpose of this section is to protect the rights of pupils and students and their parents or guardians with respect to pupil and student records and reports as created, maintained, and used by public educational institutions in the state. The intent of the Legislature is that pupils and students and their parents or guardians shall have rights of access, rights of challenge, and rights of privacy with respect to such records and reports, and that rules shall be available for the exercise of these rights.
* * * * * *
(3) RIGHTS OF PARENT, GUARDIAN, PUPIL, OR STUDENT.
(d) Right of privacy.Every pupil or student shall have a right of privacy with respect to the education records kept on him or her. Personally identifiable records or reports of a pupil or student, and any personal information contained therein, are confidential and exempt from the provisions of s. 119.07(1). No state or local educational agency, board, public school, area technical center, community college, or institution of higher education in the State University System shall permit the release of such records, reports, or information without the written consent of the pupil's or student's parent or guardian, or of the pupil or student himself or herself if he or she is qualified as provided in this subsection, to any individual, agency, or organization.... However, personally identifiable records or reports or a pupil or student may be released to the following persons or organizations without the consent of the pupil or the pupil's parent:
12. Parties to an interagency agreement among the Department of Health and Rehabilitative Services, school and law enforcement authorities, and other signatory agencies for the purpose of reducing juvenile crime and especially motor vehicle theft by promoting cooperation and collaboration, and the sharing of appropriate information in a joint effort to improve school safety, to reduce truancy, in-school and out-of-school suspensions, to support alternatives to in-school and out-of-school suspensions and expulsions that provide structured and well-supervised educational programs supplemented by a coordinated overlay of other appropriate services designed *1349 to correct behaviors that lead to truancy, suspensions, and expulsions, and which support students in successfully completing their education. Information provided in furtherance of such interagency agreements is intended solely for use in determining the appropriate programs and services for each juvenile or the juvenile's family, or for coordinating the delivery of such programs and services, and as such is inadmissible in any court proceedings prior to a dispositional hearing unless written consent is provided by a parent, guardian, or other responsible adult on behalf of the juvenile.

The following definitions, listed in subsection (2), are pertinent to this appeal:
(c) "Directory information" includes the pupil's or student's name, address, telephone number if it is a listed number, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the pupil or student. (e) "Records" and "reports" mean any and all official records, files, and data directly related to pupils and students which are created, maintained, and used by public educational institutions, including all material that is incorporated into each pupil's or student's cumulative record folder and intended for school use or to be available to parties outside the school or school system for legitimate educational or research purposes. Materials which shall be considered as part of a pupil's or student's record include, but are not necessarily limited to: identifying data, including a student's social security number; academic work completed; level of achievement records, including grades and standardized achievement test scores; attendance data; scores on standardized intelligence, aptitude, and psychological tests; interest inventory results; health data; family background information; teacher or counselor ratings and observations; verified reports of serious or recurrent behavior patters; and any other evidence, knowledge, or information recorded in any medium, including, but not limited to, handwriting, typewriting, print, magnetic tapes, film, microfilm, and microfiche, and maintained and used by an educational agency or institution or by a person acting for such agency or institution. However, the terms "records" and "reports" do not include:
5. Directory information as defined in this section.
(Emphasis added.)
We address first the question of whether the instant attendance records are subject to disclosure under the definitions set forth in the statute. Appellants argue that their school attendance records meet the statutory definition of "attendance data" within the definition of "records and reports" under the statute, and are therefore protected from disclosure. The state, on the other hand, argues that the attendance records fall within the definition of "directory information" subject to disclosure under the statute. Filed in the record is a copy of an attendance record relied upon in the filing of the affidavit in support of the order to show cause. It is entitled, "Student Schedule/Absence Summary" and contains a schedule of classes and an absence detail by period, as well as an absence and warning summary. We concur with appellants' reading of the statute that "attendance data," included within the definition of "reports and records," is not the functional equivalent of "dates of attendance," included within the definition of "directory information." As argued by appellants, "directory information" constitutes that type of information customarily included in a class directory or school yearbook. The concept that a record of absences is tantamount to "dates of attendance" within the meaning of "directory information" is inconsistent with the nature and character of the other items enumerated under that definition (e.g., field of study, participation in activities, height, and weight). Construing the statutory subsections in pari materia, we find "dates of attendance" to be more definable as the account of years enrolled in a particular school, not the account of day-to-day attendance. We thus concur with appellants that *1350 the attendance records herein, consisting of records of absences and an absence and warning summary, fall within the definition of "reports and records," not subject to public disclosure.
The issue then becomes whether any of the exceptions to nondisclosure apply. As stipulated below, the attendance records were released to the state attorney pursuant to that office's Truancy Arbitration Program. The records were intended to be utilized as evidence of appellants' violations of a provision of community control, in furtherance of an order finding appellants to be in indirect criminal contempt of court. Section 228.093(3)(d)12 provides that the information provided in furtherance of an interagency agreement is "intended solely for use in determining the appropriate programs and services for each juvenile or the juvenile's family, or for coordinating the delivery of such programs and services, and as such is inadmissible in any court proceedings prior to a dispositional hearing...." Appellants argue that a contempt proceeding is a court proceeding prior to a dispositional hearing, within the definition of subsection (12), thus rendering the exception to nondisclosure inapplicable. The state, on the other hand, argues that the attendance records were used for the purposes listed in subsection (12), and that these contempt proceedings are post-dispositional hearings within the meaning of subsection (12).
Resolution of this issue demands a close examination of several related statutory provisions under Chapter 39 governing juvenile proceedings. First, section 39.01(28), Florida Statutes (1995), defines disposition hearing as a hearing in which the court determines the most appropriate dispositional services in the least restrictive available setting provided for under section 39.052(4). It is not clear from this definition whether contempt proceedings, conducted following a violation of community control, are considered to be pre-dispositional or post-dispositional. As such, we turn to the following statutory provisions. Section 39.01(13) defines a child who has committed a delinquent act as a child who has been found by a court to have committed a violation of law or to be in direct or indirect criminal contempt of court. Section 39.052(1) provides that an adjudicatory hearing must be held as soon as practicable after the petition alleging that a child has committed a delinquent act. Section 39.052(4) provides that, after a child has been found to have committed a delinquent act, a disposition hearing must be held.
Because the act of indirect criminal contempt constitutes a delinquent act, it follows that a contempt proceeding is itself a pre-disposition determination, to be followed by a new disposition. Stated otherwise, the contempt constitutes a new delinquent act, calling for a new hearing followed by a new disposition. A court cannot proceed directly from a finding of contempt to the imposition of a sanction therefor; a dispositional hearing must be conducted in between. Under this analysis, the instant contempt proceedings cannot be considered to be post-dispositional, as argued by the state.
Lending further support to this view is section 39.054, which sets forth the court's powers of disposition. Subsection (1)(a) allows the court to place a child in a community control program. Subsection (1)(a) also sets forth the procedures to be followed in the event of a violation of condition of community control:
3. If the conditions of the community control program are violated, the agent supervising the community control program as it relates to the child involved, or the state attorney, may bring the child before the court on a petition alleging a violation of the program. If the child denies violating the conditions of his or her program, the court shall give him or her an opportunity to be heard in person or through counsel, or both. Upon the child's admission or after such hearing, if the court finds that the conditions of the community control program have been violated, the court shall enter an order revoking, modifying, or continuing the program. In all cases after a revocation, the court shall enter a new disposition order and may make any disposition it could have made at the original disposition hearing.

(Emphasis added).
Based on the foregoing analysis, we conclude that the instant allegations of violations *1351 of community control were predicated upon attendance records not subject to disclosure at the juncture at which they were being offered. As such, the lower court erred in denying the motions to dismiss the orders to show cause. We reverse and remand with directions to vacate the judgments of contempt.
REVERSED and REMANDED with directions.
ALLEN, MICKLE and LAWRENCE, JJ., concur.